EHRLICH, Justice,
concurring specially.
While I concur with the Court’s opinion, I write separately because of the anomalous situation that the Court finds itself in at this time in connection with the reinstatement of Mr. Sickmen.
Mr. Sickmen was charged with conspiracy to commit mail fraud in the United States District Court for the Southern District of New York and entered a guilty plea and was convicted of that felony in November 1983. Because of his conviction, he was suspended from practice in this state. Thereafter, The Florida Bar filed a formal complaint in this Court growing out of Mr. Sickmen’s conviction. The referee therein recommended that he be suspended for a period of three years from the date of his *156 original suspension on December 13, 1983 and that he be required to pass the ethics portion of the Florida Bar examination before being eligible for a readmission to the practice of law, and on July 17, 1986, this Court approved the findings and recommendations of the referee. I dissented from the Court’s opinion and judgment with a written opinion. I was of the view that the proper discipline for that very serious offense was disbarment. I was also of the view that Mr. Sickmen should be required to pass all parts of The Florida Bar examination before being permitted to return to the practice, because of the length of time he would have been out of the practice of the profession. At some point in time after the Florida disciplinary proceedings, the State of New York instituted disciplinary proceedings against Mr. Sick-men on account of the selfsame felony conviction and imposed the discipline of disbarment.
Mr. Sickmen has now done all that our order of suspension required of him as a prerequisite to his reinstatement to the practice of law in this state, and I do not believe we have any alternative except to approve the referee’s recommendation that he be reinstated, for the reasons set forth in the Court’s opinion, and thus we find ourselves in the position of permitting someone to practice law in Florida while he is disbarred from practice in a sister state.
In the usual course of events, this would not be permitted. Rule 3-4.6 of the Rules Regulating The Florida Bar provides that “A final adjudication in a disciplinary proceeding by a court or other authorized disciplinary agency of another jurisdiction, state or federal, that an attorney licensed to practice in that jurisdiction is guilty of misconduct justifying disciplinary action shall be considered as conclusive proof of such misconduct in a disciplinary proceeding under this rule.” If New York had instituted its disciplinary proceedings first and had disbarred Mr. Sickmen, there is no doubt in my mind that this Court would have imposed the same discipline, and would not readmit him to The Florida Bar unless and until the State of New York had done likewise. It just so happens in this case that Florida went first in its disciplinary proceedings and its discipline was less than that of the State of New York.